UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONYAKA BURNETT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 2:17-cv-11769

HON. STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER
ADOPTING THE REPORT AND RECOMMENDATION [14],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**

Plaintiff appeals Defendant's decision denying her disability insurance benefits under the Social Security Act. The Court referred the matter to the magistrate judge, and the parties filed cross-motions for summary judgment. The magistrate judge then issued a report and recommendation, and Plaintiff objected. For the reasons below, the Court will adopt the report and recommendation over Plaintiff's objection, deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment.

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a magistrate judge's report, and the review varies depending on whether a party objects. The Court need not undertake any review of portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When performing de novo review, "[t]he district judge may accept, reject, or modify the

1

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept [it] as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff worked as a hairstylist, nail technician, and home healthcare aid for her mother and grandmother until July 2013, when she fractured her tibia and fibula. ECF 9-2, PgID 70–73. Because of her injury, Plaintiff sought disability benefits. When making a disability determination, an ALJ performs a five-step sequential analysis. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). At step five, the ALJ here determined that Plaintiff is not disabled. ECF 9-2, PgID 59. That means Plaintiff cannot perform her previous work because of a severe impairment, but that she can adjust to other work. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). After careful review, the magistrate judge agreed with the ALJ's analysis. ECF 14, PgID 444.

Plaintiff objects, but her argument is difficult to follow. Her opening line suggests that she believes the magistrate judge erred by not treating Dr. Harold Nims as her treating physician. ECF 15, PgID 454. That would be significant because, for claims filed before March 27, 2017, a treating physician's opinion is controlling in certain circumstances. 20 C.F.R. § 404.1527(c)(2). But a few paragraphs later, Plaintiff admits that Dr. Nims is not her treating physician. *See* ECF 15, PgID 455 ("A consultative examiner obviously does not have [sic] ongoing treatment relationship with a claimant [sic] anytime."); 20 C.F.R. § 404.1527(a)(2). So it seems that Plaintiff's objection resolves itself. Fed. R. Civ. P. 72(b)(2) (requiring a party to "file specific written objections").

In the interest of finality, however, the Court will give Plaintiff the benefit of the doubt. Near the end of her objection, Plaintiff states that "it is submitted that Dr. Nims [sic] opinion should not be discounted because he is a consultative examiner." ECF 15, PgID 456. And Dr. Nims's purported opinion is that Plaintiff was "capable of performing non-strenuous, sedentary work with the ability to elevate her right leg as necessary." *Id.* at 454. Plaintiff again does not connect the dots, but she eventually states that "[t]he vocational expert testified that all work would be precluded by an individual's need to elevate the right lower extremity to waist height." *Id.* at 457. Her argument thus seems to be: if the ALJ adopted Dr. Nims's opinion that Plaintiff needed to elevate her leg, then the ALJ should have found that Plaintiff could not adjust to any work.

But that argument is not persuasive. As the magistrate judge thoroughly explained, an ALJ should consider all of the evidence—not just the consultative examiner's opinion—when determining a claimant's residual functional capacity. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). And when weighing a medical opinion,

3

six factors are pertinent: (1) whether the opining medical professional examined the claimant, (2) the treatment relationship between the opining medical professional and the claimant; (3) the presentation of relevant evidence that supports the medical opinion; (4) the consistency of the medical opinion with the record as a whole; (5) whether the opining medical professional is operating within his specialty; and (6) other factors. 20 C.F.R. § 404.1527(c).

Applying those factors here, the ALJ properly weighed Dr. Nims's opinion. First, Dr. Nims is a D.O., not a specialist. And although he examined Plaintiff, he did so only once. Thus, there was a limited relationship. On the other hand, Dr. Nims's opinion was supported by relevant evidence: Plaintiff reportedly had constant swelling and edema in the right foot and ankle on the date of examination. But, there are some inconsistencies between Dr. Nims's opinion and the record as a whole. Although there are two reports of mild or moderate swelling, ECF 9-7, PgID 243, 288, there are at least four times that Plaintiff did not report swelling, ECF 9-8, PgID 356, 371–76. The whole record therefore suggests that Plaintiff did not suffer from constant swelling. And even if she did, the few reports of swelling are not coupled with leg elevation restrictions.

In sum, Plaintiff failed to file an adequate objection. But even liberally construing her objection, Plaintiff's objection fails because the ALJ properly weighed Dr. Nims's opinion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [12] is **GRANTED**. The Commissioner's determination is **AFFIRMED**.

This is a final order that closes the case.

**SO ORDERED.**

        s/ Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: June 5, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 5, 2018, by electronic and/or ordinary mail.

        s/ David Parker
        Case Manager